# United States District Court
## for the Northern District of Oklahoma

Case No. 24-cr-187-JDR

United States of America,

*Plaintiff,*

versus

James Henry Whitecloud-Rheamount,

*Defendant.*

## OPINION AND ORDER

Defendant James Henry Whitecloud-Rheamount is charged with making a false and fictitious statement regarding his criminal history while attempting to purchase a firearm from a licensed firearms dealer in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). Dkt. 2. Specifically, Mr. Whitecloud-Rheamount allegedly represented on ATF Form 4473 that he had never been convicted of a felony punishable by a term of imprisonment of more than one year when, in fact, he had been convicted of such a crime. *Id.*

Mr. Whitecloud-Rheamount now seeks to dismiss the single-count indictment under Federal Rule of Criminal Procedure 12(b)(1). Dkt. 20. He argues that prohibitions on the possession of firearms by felons are per se unconstitutional and that, by extension, his felony status was not "material" to his attempted purchase. *Id.* at 2;[1] *see* 18 U.S.C. § 922(a)(6). The Court denies his motion.

---

[1] All citations utilize CMECF pagination.

Case No. 24-cr-187

Although there is an ongoing debate concerning the constitutionality of 18 U.S.C. § 922(g)(1), which prohibits the possession of firearms by individuals who have been convicted of a felony,[2] this Court is not tasked with weighing in on that debate today. Instead, the question before the Court is whether an individual's felony status is material to the purchase of a firearm. The Court answers this question in the affirmative.

Mr. Whitecloud-Rheamount's prior convictions are material to his purchase because they could affect his ability to own and possess a firearm. *Cf.* Dkt. 20 at 2. The Constitution permits the dispossession of firearms from persons who present a demonstrable danger to the public if armed. *See United States v. Forbis*, 687 F. Supp. 3d 1170, 1178 (N.D. Okla. 2023), *adhered to on reconsideration*, No. 23-CR-00133-GKF, 2024 WL 3824642 (N.D. Okla. Aug. 14, 2024). Under the current legal landscape, courts have upheld convictions under § 922(g)(1) where the dispossessed individual has committed a felony. *See, e.g., United States v. Ellett*, No. 24-CR-00193-SEH, 2024 WL 4476662, at *2 (N.D. Okla. Oct. 11, 2024). Often, the decision to dismiss an indictment for a violation under § 922(g)(1) turns on the nature of the felony committed and whether the Government can establish that the conviction renders the defendant "demonstrably dangerous." *See, e.g., United States v. Nunamaker*, ___ F. Supp. 3d ___, No. 24-CR-00278-GKF, 2024 WL 4436333, at *7 (N.D. Okla. Oct. 7, 2024) (declining to categorically disarm all or most felons, but concluding that disarming the defendant based on his conviction for burglary was "consistent with the historical tradition of disarming those persons who demonstrated that they would present a danger to the public if armed" or present a credible threat to safety (internal citations and quotation marks omitted)).

Against this backdrop, the Court cannot say that Mr. Whitecloud-Rheamount's prior conviction is immaterial to his ability to purchase a

---

[2] *See United States v. Gaskey*, No. 24-CR-39-JDR, ___ F. Supp. 3d ___, 2024 WL 1624846, at *1 (N.D. Okla. Apr. 15, 2024).

2

Case No. 24-cr-187

firearm. Although the constitutionality of § 922(g)(1) is currently in dispute, it does not follow that the Government cannot inquire into the criminal history of a prospective firearm purchaser. To the contrary, *Bruen* and its progeny suggest that the Government ***should*** make individualized inquiries into facts that might render an individual dangerous if armed, and that the Government's ability to deprive Mr. Whitecloud-Rheamount of his right to carry a firearm turns upon those facts, which may include the existence and nature of his prior felonies. *See id.*; *see also United States v. Rahimi*, 602 U.S. ___, 144 S. Ct. 1889, 1896 (2024); *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 24 (2022) (recognizing that restrictions on firearm possession must be "consistent with the Nation's historical tradition of firearm regulation").

The Court concludes that inquiries into an individual's criminal history are appropriate and necessary to the determination of whether an individual may be deprived of his Second Amendment rights. When the Government conducts this inquiry, it has every right to require an honest response—and penalize a dishonest one. That is all that § 922(a)(6) does. The Court sees no basis for concluding that the Government may not, consistent with the Second Amendment, penalize false statements made in response to inquiries designed to assess whether an individual would be dangerous if armed. Mr. Whitecloud-Rheamount's motion to dismiss his indictment is, therefore, DENIED.

DATED this 13th day of November 2024.

JOHN D. RUSSELL
*United States District Judge*